Teresa Stephens
pocketofsun@rocketmail.com
5021 Maryanna Way
North Richland Hills, TX 76180
817-709-7773
*pro se*



FILED
CLERK, U.S. DISTRICT COURT

JAN 3 0 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

Teresa Stephens                              CAUSE #12-MC-1

Petitioner

V.

TMZ Productions, Inc.
Harvey Levin (In Individual
Capacity and Official Capacity)
Respondents

**AMENDED EMERGENCY EX-PARTE VERIFIED PETITION TO PERPETUATE TESTIMONY WITHOUT HEARING**

**EX-PARTE MOTION FOR SHORTENING OF TIME FOR TMZ AND LEVIN TO PROVIDE PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS IN ORIGINAL AND READABLE FORMAT**

**EX-PARTE MOTION FOR SERVICE OF SUBPOENAS & PETITION TO ACTUAL PERSON HARVEY LEVIN AND TO ATTORNEY JASON BECKERMAN AT ACTUAL ENTITY AT ADDRESS OF TMZ PRODUCTIONS, INC.**

**EX-PARTE APPLICATION TO PROCEED IN FORUM PAUPERIS**

1

**EX-PARTE MOTION FOR SHORTENING TIME FOR TMZ PRODUCTIONS, INC. AND HARVEY LEVIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, TO PROVIDE DISCLOSURES**

**EX-PARTE MOTION TO SECURE COURT RECORDS**

**EX-PARTE MOTION TO OBTAIN ADDITIONAL METHODS OF RECORDING AND PERSON TO ADMINISTER OATH**

**EX-PARTE MOTION FOR ORDER TO PROVIDE TERESA STEPHENS WITH COPY OF DEPOSITION RECORDINGS**

**EX-PARTE MOTION FOR STEPHENS TO OBTAIN A COMPUTER FORENSICS EXPERT**

**EX-PARTE EMERGENCY MOTION FOR STEPHENS TO OBTAIN CALIFORNIA COUNSEL**

**MISCELLANEOUS REQUEST TO OBTAIN CONTACT INFORMATION FOR HARVEY LEVIN**

**AMENDED EMERGENCY EX-PARTE VERIFIED PETITION TO**

**PERPETUATE TESTIMONY**

1. Stephens has been forced to amend Stephens' **Emergency** Ex-Parte Petition to Perpetuate Testimony due to the Court's delay in turning in her petition from time of receipt to time of timestamp and awaiting in foruma pauperis approval from a magistrate Judge.

2. The Court received her filing on January 4, 2012 but it was not timestamped until January 6, 2012.

3. Stephens petition has sat in front of a magistrate Judge for almost a week causing delays and causing Stephens to do this all over again to change the dates of the subpoenas and requests for Orders.

2

4. All Stephens dates now have to be changed to reflect following the rules and/or orders as well prevent any objections to the time restraints due to service of subpoenas being delayed.

5. Stephens has changed all the dates for the subpoenas, but has included several more emergency ex-parte motions and additional purposed orders, related to the original Emergency Ex-Parte Verified Petition to Perpetuate Testimony and obstruction of justice in which she has just added to the end of where the original petition ended instead of attempting to merge them throughout the document and prevent confusion.

6. The original exhibits, filed with this Court, are still applicable in this amended petition and any additional exhibits begin numbering at the end of the previous exhibits.

7. Stephens attempted to have this amended petition and additional motions emergency filed offered through the Court website emergency filing procedures on January 12, 2012 but was told there was no alternative for "pro se" litigants except for mail. This will require Stephens spending additional hundreds of dollars in overnight mailings and all the copies required.

8. Stephens is required to request all these Orders which would normally be done automatically by an attorney and included in the attorney's costs as well due to the continuing obstruction of justice Stephens has to notify this Court and ensure every measure is taken to secure testimonies, data and court-related events.

9. Stephens prays this Court will not entertain any more delays in allowing Stephens to obtain testimonies and shortening the time required for Respondents to adhere to subpoenas as TMZ Productions, Inc. received a Notice To Secure Documents on December 20, 2011 and received copies of all the original Emergency Ex-Parte Petition by January 6, 2012. The Respondents are fully aware of the requests for production, have been able to prepare and have deliberately attempted to avoid and delay service.

10. Stephens has incurred undue expense and hardship due to the actions, delays and intentional attempts to circumvent service and provide contact information mentioned herein.

11. Stephens is still unable to access her court documents via Pacer or receive electronic updates of any activities in this Case, despite numerous attempts, over the past two weeks or to obtain a login and password from this Court's ECF system.

12. Stephens is amending this petition within the twenty-one (21) days allowed pursuant to FRCP 15.

13. Stephens is seeking this Court grant Stephens' Orders for Emergency Ex-Parte Verified Petition to Perpetuate Testimony and additional Emergency Ex-Parte motions immediately to prevent further delay and/or obstruction of justice.

## JURISDICTION/VENUE

4

14. Teresa Stephens (hereinafter "Stephens") is a resident of the State of Texas and resides at 5021 Maryanna Way, North Richland Hills, TX 76180.

15. TMZ Productions, Inc. (Hereinafter "TMZ") is located at 4000 Warner Blvd., Burbank, CA 91522 in Los Angeles County.

16. Harvey Levin (hereinafter "Levin"), in his official capacity, is executive producer of TMZ and works at TMZ's actual business location.

17. Stephens is unaware of Levin's home address but believes and informed that he is a resident of California and resides in Los Angeles county.

18. Federal Rules of Civil Procedure (FRCP) 27(a)(1) states that Stephens "may file a verified petition in the district court for the district where any expected adverse party resides." therefore jurisdiction is appropriate in this Court.

19. Stephens is aware that this address is the Warner Brother's lot encompassing a large lot of land and does not specify in which building or where on the lot TMZ is located. Stephens verified the address with TMZ's legal counsel, Jason Beckerman (hereinafter "Beckerman") but was not provided an actual address and stated that any information directed to TMZ was routed to them.

20. The same general address was also provided on the California's Secretary of State's website search for entities' information and the agent for service process was listed as CT Corporation System, 818 West Seventh Street, 2nd Floor, Los Angeles, CA 90017. Stephens contacted this company to verify TMZ was a client of theirs and they would not verify the information.

5

21. Levin, in his individual capacity, has worked in the media industry for decades and before employment at TMZ and is an attorney but Stephens believes he is a non-practicing attorney at this time.

22. Stephens is unaware of Levin's home address and upon contact with TMZ was told by staff that they could not give out contact information, Stephens sent a letter to TMZ on December 20, 2011 requesting contact information for Levin and never received a response, Stephens requested contact information from Beckerman and was told anything to Levin was to go to him and was not given any further information.

23. Stephens is requesting that a copy of the original ex-parte petition and additional attached ex-parte motions, subpoenas and signed orders directed at Levin, in his individual and official capacity, be served directly to him at TMZ's actual location during business hours as this is where he is employed and located during these hours according to TMZ's website.

24. Stephens has contacted TMZ's legal counsel, Jason Beckerman (hereinafter "Beckerman") requesting contact information and all requests have been ignored in a deliberate attempt to circumvent service of process.

25. Stephens' petition specifically requests orders for specific service of the subpoenas as further discussed below.

## EMERGENCY EX-PARTE PETITION & MOTION TO PERPETUATE TESTIMONY *WITHOUT* HEARING

JUDGE'S COPY

26. Stephens has included a Certificate of Conference with TMZ's legal counsel, Jason Beckerman, which occurred on December 27, 2011, who stated he represented TMZ and Harvey Levin in his official capacity as Executive Producer of TMZ.

27. Stephens is unable to obtain any contact information for Levin, in his individual capacity.

28. Stephens requests this Court waiver the notice requirements to Levin pursuant to USDC Central California local rules (hereinafter "CACD LR") 7-19.2 whereas Stephens has attempted to obtain contact information for Levin, in his individual capacity. Levin, in his official capacity, and through TMZ's attorney which stated they represent Levin, in his official capacity, and TMZ has been given notice of the ex-parte petition to perpetuate testimony whereas Levin should already have notice through his official capacity.

29. Teresa Stephens (hereinafter "Stephens) is anticipating legal action against the U.S. Government, several media outlets, any other third parties and/or their representatives, including TMZ Productions, Inc. TMZ and Levin, in his individual capacity and official capacity, as executive producer of TMZ, for violating and conspiring to violate the United States Constitution, Florida's Constitution and Texas Constitution's rights preventing Stephens' from enjoying her God-given natural rights and Constitutional rights for life, liberty and the pursuit of happiness, invasion of privacy, interception of electronic, wire and oral communications, the interception of stored wire and electronic communications, fraud, publishing and broadcasting of false information,

7

JUDGE'S COPY

obstruction of justice, video voyeurism, including but not limited to using satellite technologies and other electronic technologies, stalking and using details of Stephens' private life to threaten, harass, torture and cause extreme emotional distress.

30. Stephens is seeking an Order from this Court to perpetuate testimony without hearing for depositions upon oral examination, production of documents, electronically stored information and tangible things from Levin and TMZ and permit entrance of the premises of TMZ for inspection, testing, copying, sampling and photograph all computer and satellite technologies including the operating systems, software programs, hardware, off-site storage, networks, network configurations, antennas, webcams, video equipment, recordings, audio equipment and recordings, satellite related equipment, surveillance, satellite transmissions, satellite related documents, mobile and/or stationary communications units, any other electronic and satellite technologies and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, translated, only after making and providing a copy of the original data, in its original format, by the responding party into a reasonable usable form.

31. The CAD L.R. 7-19 requires a memorandum to accompany an ex-parte motion in which Stephens is unable to provide for several reasons.

32. Stephens was blocked from researching case law regarding the combination of an ex-parte motion and perpetuating testimony without a hearing or any other ex-parte motions before this Court.

33. Stephens gets a notice at the bottom of the page that she is unable to access the webpage and/or download the PDF file unless she authorizes an add-on from Zeon Corporation (Exhibit A – FRE 1001.4 - duplicates – December 27, 2011). This occurs almost every time Stephens goes to a government website or other legal information website which contains access to any legal information.  It also does not show or open the PDF file.

34. As an example of the invasion of privacy, video voyeurism, and the other aforementioned acts, Stephens reads the Bible which speaks of the land of Zion periodically.

35. On other websites containing Constitutional law and Central District of California rules, Stephens is preventing from printing, saving and/or viewing the document (Exhibit B – FRE 1001.4 - duplicates – December 25, 2011 & December 27, 2011).

36. After doing a search for case law regarding ex-parte motions to perpetuate testimony case law, she lost her ability to scroll past the second page of results (Exhibit C– FRE 1001.4 - duplicates – December 27, 2011) although the search engine states there are 1,590,000 hits; Stephens has no access to them.  The evidence shows the first page of search results with a scroll bar to the right (it took two (2) pages to print whole first page of search results) and the third page of evidence missing the scroll bar.

37. Stephens had to review and provide evidence of past illegal and involuntary commitment to a psychiatric hospital in this ex-parte petition to **prove sanity**, violations of Stephens' Constitutional and civil rights and attempts to obstruct

9

JUDGE'S COPY

justice. The search engine results included above reference "Psychemedics Corporation v. Psychemedics..." which are consistent with evidence given in this petition under the title 'Obstruction of Justice' Another record on the **same** search engine's results states "...Jewel..." as my daughter was making jewelry this same day with gifts from Christmas and started a pretend jewelry store in her room (Exhibit U - FRE 1001.4 – duplicate – December 28, 2011).

38. Stephens believes the reason she was unable to scroll any view the other 1,000,000+ hits as these legal documents that were provided on the first and second page of the search results are false and/or created legal documents and created with the intent to threaten, harass, cause extreme emotional distress and prevent Stephens from being able to comply with rules, such as the memorandum required for an ex-parte petition and its attached additional ex-parte motions.

39. Stephens has evidenced that those responsible for the inability of Stephens to provide a memorandum in support of her ex-parte petition and motions are able to create, falsify, destroy and manipulate records in the government's computer systems, interception of electronic, wire and oral communications, the interception of stored wire and electronic communications, invasion of privacy and obstruct justice.

40. Stephens petition specifies false information and violations of Constitutional rights including the the creation and manipulation of government and public records for the sake of creating news reports and entertainment news.

41. Stephens is also providing evidence of her Internet history files on December 25, 2011 in which she was looking for an article from 2009 on www.tmz.com regarding Steven Tyler (Exhibit D - FRE 1001.4 – duplicate – December 27, 2011). On December 27, 2011, TMZ ran a new article on Steven Tyler (Exhibit E - FRE 1001.4 – duplicate – December 27, 2011). This is further proof of the details of Stephens' private life is somehow being transmitted to others and used to create entertainment and/or news articles. As a sidenote, the specific article and accompanying legal document Stephens was searching for evidence was not available on www.tmz.com even though it held archived published entertainment stories on the dates before and after the item searched.

42. Stephens' Ex-Parte petition is seeking to perpetuate testimony without hearing to prevent further destruction, alteration, creation and falsification of the entertainment and news industry's business records, governmental records and obtain this testimony in efforts to locate the persons, entities and government agencies responsible for the violations against Stephens.

43. Stephens has literally four (4) and a half years of evidence of these daily violations of Stephens' Constitutional and civil rights, video voyeurism, stalking and using details of Stephens private life to create the entertainment and news reports and these are examples of just the two weeks.

44. Stephens is unable to provide videos that are provided on the TMZ's website evidencing the facts herein as they are not downloadable, missing files and the probability of editing and/or destruction since the original publication.

11

JUDGE'S COPY

45. Stephens is unable to provide a memorandum in support of this Emergency Ex-Parte Petition to Perpetuate Testimony due to interference with her ability to research the law and prepare this petition and the continuing obstruction of justice and hence the importance of Stephens' Emergency Ex-Parte Petition and attached Ex-Parte motions be granted immediately to prevent the destruction of evidence by parties whom are obviously aware of every move Stephens' movement in the privacy of her own home.

46. Stephens has obviously throughout this whole petition documented and evidenced the violations of Constitutional and civil rights against Stephens, why perpetuating testimony is of extreme urgency and why this ex-parte petition should be granted immediately, without hearing.

47. Stephens prays this Court will recognize Stephens inability to provide a memorandum and Stephens as a pro se litigant without the access and full knowledge of the laws but has outlined, in detail, the acts of the Respondents must be evidenced for Stephens to proceed in protecting her rights.

48. Stephens does not have the the precise details of the aforementioned acts and whom all is involved but Stephens believes that TMZ, including but not limited to, its employees, agents, affiliates, directors, officers, successors, attorneys, sales entities, sales persons, subsidiaries, divisions, independent contractors, freelance and employed photographers and video paparazzi individuals and/or entities, associates, representatives, government agencies and/or regulators, businesses, employees, partners, subsidiaries, international associations, host and/or hosting company, corporate parents, Co-conspirators and Levin, in his

individual capacity and as executive producer of TMZ, are involved in, participate in and/or directed to participate in the aforementioned acts.

49. Stephens is seeking information relating to the changes in electronic and satellite technologies which have occurred and are presently occurring with the media outlets, members of the media, government agencies, any other third parties and/or their representatives relating to how the media conducts business affairs in their normal course of business, including but not limited to, who directs and controls information regarding satellite and electronic technologies, publications, productions, how communications are transmitted, who writes and authorizes publications and who is involved in the the entertainment and news reports from start to finish.

50. Stephens seeks the actual and/or alias names, contact information and documents relating to the the individuals, businesses, employees, agents, affiliates, directors, officers, successors, attorneys, sales entities, sales persons, subsidiaries, divisions, independent contractors, publicists, freelance and employed photographers and video paparazzi individuals and/or entities, associates, representatives, government agencies, businesses, sponsors, partners, subsidiaries, international associations, host and/or hosting company, corporate parents and Co-conspirators whom are involved in the violation of Stephens' natural God- given, Constitutional and civil rights, the technologies and methods used to invade the privacy of Stephens, interception of electronic, wire and oral communications, the interception of stored wire and electronic communications, fraud, the illegal satellite surveillance of Stephens and her family with malicious intent, stalking, the publication and broadcasting of false information with full

13

knowledge of the falsity of their entertainment and news reports and using details of Stephens' private life for the purpose of threatening, retaliation, causing extreme emotional distress, harassment, invasion of privacy and invoking fear of Stephens' and her childrens' safety and livelihood.

51. Stephens seeks the real, actual and/or alias names, contact information and documents relating to any of the individuals, businesses, affiliates, parent corporate its employees, agents, affiliates, directors, officers, successors, attorneys, sales entities, sales persons, subsidiaries, divisions, independent contractors, freelance and employed photographers and video paparazzi individuals and/or entities, associates, representatives, publicists, attorneys, government agencies, businesses, employees, partners, subsidiaries, international associations, host and/or hosting company, corporate parents, advertisers, any other third parties and Co-conspirators, that participated in the creation, planning, photographic and video footage, production, writings, publications, broadcasts, network and satellite transmissions of all news and entertainment reports that were published on www.tmz.com and/or published through Stephens accessing their website and/or broadcast on TMZ Live or TMZ TV on late night television, relating to the violations of civil and Constitutional rights of Stephens, which she believes began sometime in 2007, although now believes some of the technologies used have invaded the privacy of Stephens and violate "We the People" of the United States on a daily basis for a long time.

52. Stephens seeks the actual and/or alias names, contact information and any documents pertaining to the individuals and/or entities that are named in every

publication on www.tmz.com, TMZ Live Internet broadcasts and TMZ entertainment and news reports broadcast on network television beginning January 1, 2007 until January 17, 2012, inclusive of all dates and deemed continuing in nature.

53. Stephens seeks the actual and/or alias names, contact information and any documents related to any persons who participated and/or directed participation in every publication on www.tmz.com, TMZ Live Internet broadcasts and TMZ entertainment and news reports broadcast on network television beginning January 1, 2007 until January 17, 2012, inclusive of all dates and shall be deemed continuing in nature.

54. Levin has worked in the media industry for many decades and before his employment with TMZ and is named in his individual capacity.

55. Stephens believes Levin has personal contacts, professional contacts and knowledge of how the media industry conducts their normal business affairs, can contribute substantial information on how the media conducts business, the government involvement, including but not limited to satellite transmissions, the creation of entertainment and news reports, what agencies, entities and individuals are involved with the publications and broadcasting of the entertainment and news reports.

56. Stephens cannot be expected to bring a proper suit before unknown individuals, entities and government agencies and their employees, agents, affiliates, directors, officers, successors, attorneys, sales entities, sales persons, publicists, subsidiaries, divisions, independent contractors, freelance and employed

photographers and video paparazzi individuals and/or entities, associates, representatives, government agencies, businesses, employees, partners, subsidiaries, international associations, host and/or hosting company, corporate parents, Co-conspirators without full knowledge of how the media operates in relation to the creation of news stories, the information printed, published and broadcast, whether entertainment or news reports, the participants which are the subject of the news story and behind the scenes, the photographers and video paparazzi, who has the control over the networks, satellite transmissions, verifies and controls the information published, and who is responsible for the violation of Civil and Constitutional rights of Stephens.

57. There are no other means for obtaining the information Stephens seeks from TMZ and Levin without going directly to them, examination of how the TMZ and Levin conduct business and to obtain testimony of the media's activities without Stephens being able to perpetuate testimony through subpoenas for production of documents, electronically stored materials and tangible things, depositions upon oral examination and entering the premises of TMZ or other property possessed or controlled by the responding party for inspection.

58. Stephens believes some equipment in which TMZ stores, collects their data and equipment used for transmissions and communications is located at other properties; including networks, electronically stored data and other data compilations, satellites and other electronic technologies and is requesting that TMZ and Levin provide detail of all other properties and permit inspection of these properties possessed and/or controlled by them which relates to their publications and broadcasts.

JUDGE'S COPY

59. Stephens is not seeking any privileged information from sources. Stephens is seeking the actual names and contact information of the persons and entities of that were the subject of entertainment and news reports and information regarding their participation in the entertainment and news reports.

60. Stephens is not seeking privileged attorney information, although if any attorneys participated and/or were directed to participate in the aforementioned violations of Stephens' natural, Constitution and civil rights, Stephens will seek further information of their role in the participation upon gaining knowledge and their name, contact information and participation *would not be privileged.*

61. Stephens is not seeking any highly personal information such as medical records and/or tax returns unless she becomes aware that this information was falsely created to headline an entertainment and/or news report in which this information *would not be privileged.*

62. Stephens believes the entertainment and media industry, as expressed and published in the entertainment and news reports, go through publicists, representatives, attorneys, other third parties and/or the actual persons, entities, government officials and agencies who are the subject of these reports to receive, obtain, provide and verify entertainment and news reports, media and press releases, schedule photograph and/or video shootings opportunities and any other activity related to the subject matter of the entertainment and/or news reports.

JUDGE'S COPY

63. These individuals who represent the person(s) and/or entities in which the entertainment and news reports name in publications, broadcasts and other entertainment and news reports are *not considered sources*.

64. Stephens is seeking the individuals, entities and government agencies that were the subject of the entertainment and news reports. Stephens believes these representatives will have real, actual and/or alias names and their contact information that Stephens seeks and that TMZ and Levin will have the contact information for these persons. public-employee

65. Stephens believes that TMZ and Levin, in his individual and official capacity, will have the direct contact information for the actual named individuals in the publication, broadcast and/or any other entertainment or news reports and not just their representatives.

66. TMZ and Levin state through numerous published articles, televised entertainment and news reports and live Internet video shows that they communicate with these representatives and/or the actual subjects of the news and entertainment reports and can provide Stephens with the desired information needed to initiate legal action and names of those involved to subpoena for further information.

67. Levin, in his individual capacity, and through personal contacts can provide the actual and/or alias names and their contact information of persons whereas these are not sources as he has worked in the media industry for decades.

JUDGE'S COPY

68. Levin, in his individual capacity, and through personal contacts can provide details of his personal conversations, documents and knowledge of how the media, government, other third parties and their representatives conduct, control and direct the media affairs, invade the privacy of Stephens, violate Constitutional rights and other satellite and electronic technologies.

69. Stephens' emergency ex-parte petition is seeking an Order to perpetuate testimony *without* hearing and to orally depose TMZ and Levin, in his *individual and official* capacity, pursuant to FRCP 27 and 27(c) and pursuant to California local rules. 7-19 .

70. Stephens' emergency ex-parte petition is seeking an Order to perpetuate testimony without hearing and notice of TMZ and Levin, in his *official* capacity, for production of documents, electronically stored information, tangible things pursuant to FRCP 27(a)(3) and FRCP 34 and pursuant to the California local rules 7-19 and inspection, photographing, testing and sampling of all the computer software, computer, satellite and any other electronic hardware used in the transmissions, communications, documents, presentations, test the computer systems to verify production of documents, electronically stored information and tangible things used in normal course of business pursuant to FRCP 34(a)(2) and FRCP 27(a)(3).

71. Stephens' emergency ex-parte petition pursuant to CA local rules 7-19 is seeking an Order for Levin, in his *individual* capacity, for production of documents, electronically stored information and tangible things pursuant to FRCP 27(a)(3) and FRCP 34(a)(2).

JUDGE'S COPY

72. Stephens believes there are government agencies and/or their representatives who control, direct and participate in the content which is provided to members of the media and media outlets for the creation of entertainment and news reports, publications and broadcasts and uses invasion of privacy to obtain data, threaten and oppress.

73. Stephens seeks information regarding how the media conducts business and Stephens would not be able to properly file action against those involved in the violations of Constitutional rights through invading the privacy of others and the loss of liberty and without Stephens obtaining knowledge from TMZ and Levin, whereas Stephens has proven they are involved and/or directed to participate in the aforementioned acts and have knowledge as to exactly how the media creates entertainment and news reports with false information.

## EX-PARTE MOTION FOR SERVICE OF SUBPOENAS, COPY OF ORIGINAL PETITION, RELATED EX-PARTE MOTIONS AND SIGNED ORDERS TO HARVEY LEVIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, AT HIS BUSINESS EMPLOYMENT, TMZ PRODUCTION, INC. & TMZ PRODUCTIONS, INC. AT ACTUAL PLACE OF BUSINESS

74. Stephens has encountered many experiences with attempts to cease Stephens initiating this petition and obstruct justice, as Stephens has already mentioned and will further evidence below in the sections titled "Obstruction of Justice."

75. Stephens has provided evidence that the Secretary of State's business search revealed manipulated government records and and although the agent of process

was listed as CT Corporation, Stephens contacted CT Corporation and they would not confirm that they accepted service for TMZ.

76. Stephens verified that the contact name listed on the California Secretary of State's entity search was unknown by their attorney, Jason Beckerman (Exhibit F, - FRE 1001.4 – duplicate – December 20, 2011). Stephen saved a copy of the record to her hard drive which will no longer open leaving her with only the original print out and Stephens losing valuable evidence of the manipulation of government public records.

77. This also occurred with a file regarding a domain name search for TMZ that Stephens saved and will no longer open (Exhibit G – FRE 1001.4 - duplicate - December 26, 2011).

78. Not only have the documents been altered, created and/or falsified but Stephens saved the pages to her hard drive and it will not open now and the screen shot that Stephens printed immediately and evidences to this Court is missing from Stephens stored electronic file of screen shots.

79. Stephens is seeking to ensure that the service to TMZ and Levin of the subpoenas, copy of the Amended Emergency Ex-Parte Verified Petition to Perpetuate Testimony and copies of the signed Orders without interruption or circumvent service requirements.

80. Stephens has only been provided with a generalized address for TMZ which encompasses a large lot of land with many entities, studios, etc. TMZ's attorney verified that anything addressed to TMZ is "routed" to them.

81. Stephens seeks an Order that Levin, in his individual and official capacity, be served at his business employment, TMZ Productions, Inc. at the exact location where TMZ conducts business.

82. According to TMZ network television show which begins taping at approximately 7:30 AM PT and TMZ Live which broadcasts at approximately 3:00 PM, Levin participates in these productions and is at this location Monday through Friday during the above work hours and Stephens is unable to locate a home address.

83. Stephens requests an Order for Service of subpoenas with a copy of the Original Petition and signed Orders to Levin, in his *individual and official capacity*, at Levin's actual place of business employment where actual business is conducted located in 4000 Warner Blvd, Burbank, CA 91522 and ensure service through gated community pursuant to California Civil Rules of Procedure 415.21. If Levin is unavailable than Stephens requests that service be tried again until able to serve Levin, in his individual capacity, to only Levin.

84. Stephens requests TMZ be served to TMZ's attorney Jason Beckerman at the exact location where business is conducted within the address of 4000 Warner Blvd. Los Angeles, CA 91522 and ensure service through gated community pursuant to California Civil Rules of Procedure 415.21.and where his offices are located. If Jason Beckerman is unavailable then service is to be tried again until able to serve Beckerman and only to Beckerman.

85. Stephens believes and has evidenced to this Court that anything not going directly to Levin and TMZ, at the actual address of business located within 4000 Warner Blvd., has the potential to be intercepted, further attempts to obstruct justice and circumvent subpoenas' service will occur.

86. Beckerman, TMZ Productions, Inc. attorney, has verified that even information sent through TMZ's website is "routed" to him and two (2) days after a Notice to Secure Documents in anticipating of legal proceedings had not been received by Beckerman. Stephens cannot allow any further information to be intercepted in attempts to obstruct justice.

**EX-PARTE MOTION TO SHORTEN TIME ALLOWED TO PRODUCE DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS, ORAL DEPOSITIONS AND INSPECT PREMISES.**

87. Stephens' **emergency** ex-parte petition and seek this Court to shorten the time allowed for responses from TMZ and Levin pursuant FRCP 34(b)(2)(A) for production of documents, electronically stored documents and tangible things and entering the land for inspection and other purposes be ordered by the Court.

88. Stephens will be traveling to California for the oral deposition of Levin and TMZ, receive production of documents, electronically stored information and tangible things and to enter the premises of TMZ or other property possessed or controlled by the responding party for inspection and cannot afford to return to California without careful planning due to financial constraints and family responsibilities and any further delay with hinder these emergency requests, ability to pursue justice and Stephens' well-being being in jeopardy.

23

89. Stephens needs to be in attendance to the oral depositions, receive the requests for documents, electronically stored information and tangible things and entering the premises of TMZ or other property possessed or controlled by the responding party for inspection.   Stephens fears if she is not there to witness and obtain the information that is requested there could be interception, manipulation and/or deletion of information and to ensure due process of the law, fairness in this Court and prevent any further obstruction of justice.

90. Stephens is requesting that upon receipt of the production of documents and entering the premises of TMZ or other property possessed or controlled by the responding party for inspection to occur on Friday, February 3, 2012 and the oral depositions take place starting the following Monday, February 6, 2012 which will allow Stephens to examine these materials and prepare before the deposition. Although Stephens is prepared to stay longer if any of the subpoenas for entering the premises of TMZ or other property possessed or controlled by the responding party for inspection and/or depositions require additional time.

91. Stephens will only be in town for a short period of time, has to give two (2) week notice for travel arrangements and needs these dates to be consecutive. Stephens' seek this Court to shorten the time allowed for responses from TMZ and Levin for production of documents, electronically stored documents and tangible things and entering the land for inspection other purposes be ordered by the Court pursuant FRCP 34(b)(2)(A) and subpoena for oral depositions.

92. Stephens anticipated this litigation being filed in Court by December 30, 2011 but due to inability to access legal documents and research, complete litigation

materials, inability to electronically file, bank account interception, and the extreme emotional and physical distress caused by the aforementioned acts, Stephens filing has been delay. Stephens had to add an additional paragraph to this petition to evidence to the Court that due to obstruction of justice her complaint has been delay but this should not prevent this Court from issuing Orders as requested and for the days Stephens requests in her petition and subpoenas.

93. Stephens is requesting a shortening of the time allowed for the production of documents, electronically stored documents and tangible things and entering the land for inspection and/or other purposes be ordered by the Court in which the production and entering the premises would occur on January 23, 2012. Stephens is only requesting a week shortening of the time for Levin, in his individual capacity, to appear for an oral deposition on January 24, 2012, only a 6-day shortening of time for TMZ to appear for a oral deposition on January 25, 2012 and only a 5-day shortening of time for Levin, in his official capacity, to appear for an oral deposition on January 26, 2012. This is in expectation of this Court to honor Stephens' emergency ex-parte requests and service of the subpoenas to take place on January 3, 2012 and requests as such as this Court has the ability and resources to serve the Respondents.

94. If Stephens becomes aware during the inspection of premises that TMZ's data network, and/or satellite transmissions is run through another individual(s), entity(s) and/or government agency, Stephens will seek for TMZ to produce this data as requested in the subpoena for production of documents, electronically

stored information and tangible things as it is considered TMZ and Levin's data and used in the normal course of business.

95. Stephens added to the Request for Production a short list of questions for which the person producing the records and/or custodian of records is to *verify under oath* information about the production of materials and is not to be construed as a separate request for Interrogatories by the Responding party.

96. Stephens is requesting that this Court not entertain any requests by TMZ and/or Levin to object to a burden for the production costs as these entities are highly profitable and the burden on Stephens would be her continued loss of liberty, injustice and Stephens does not have any financial means to pay for the production.

## EX-PARTE MOTION FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION IN ORIGINAL AND READABLE FORM FROM TMZ AND LEVIN

97. Stephens is requesting in these subpoenas that TMZ and Levin produce electronically stored information to be copied in both their original format as stored **and** a copy in reasonable readable form.

98. Stephens believes that TMZ and Levin either store, participate in the storage, directed to and/or other persons, who are involved in the creation of the news convert and/or store data in formats that are not accessible without custom programmed software and/or hardware which is not available to Stephens.

26

JUDGE'S COPY

99. Stephens has greatly evidenced in this petition the interception, alteration, destruction, falsification and creating of electronically stored information that has been occurring. Stephens' subpoena for Production of Documents, Electronically Stored Information and Tangible Things specifies to provide both a copy of the data requested be in original format as stored in normal business practice and a reasonable readable format.

100. Stephens fear manipulation of electronically stored information if not received in both its original format as stored and to be converted in a readable format, after the copying of the original format.

101. Stephens is informed and believes that with new technologies, custom computer software and hardware that documents and electronically stored information can sometimes have their own programmed languages, whereas Stephens would not be able to interpret and/or read the produced documents and electronically stored information.

102. Stephens may not have the software needed to view the files if not provided in readable format and might lose pertinent evidence if not provided in its original format as stored without manipulation.

103. Conversion of files is a simple process, in which Stephens believes TMZ and Levin are in possession of said conversion software and/or hardware, and are able to convert these files to a readable format as stipulated in the subpoenas

27

*after* a copy of the originals, as stored and maintained in its normal course of business, are produced.

104.    Stephens prays this Court will not entertain any requests by the Respondents that this is a burdensome and/or costly request as the Respondents must access the file to provide it in either its original format or a readable format and once accessed can easily copy and paste and then convert the file.

105.    TMZ and Levin and/or have to access the original file in its original format in order to provide it in a reasonable form  and it is no extra effort to copy the original format before conversion.

106.    Stephens seeks an order to TMZ and Levin to provide their electronically stored information in both its original format as ordinarily maintained and in a reasonable readable format to prevent any further destruction and/or manipulation of electronically stored information. FRCP 45(d)(1)(c) states "The person responding need not produce the same electronically stored information in more than one form."  Whereas Stephens seeks an order to ensure that she receives both forms as requested in the subpoena.

107. Stephens has no other means to obtain the information requested as Stephens believes that TMZ and Levin, as Executive Producer, are directed to participate in the activities of other media outlets and members of the media, government agencies, other third parties and their representatives and without TMZ and Levin's testimony, Stephens will not be able to put a stop to the violations of

Constitutional and Civil rights and invasion of privacy which occurs on a daily basis by seeking out all those who participate in these violations.

108.    Stephens cannot initiate legal action without knowledge of how the TMZ conducts its normal business activities.

109.    Stephens is aware that Levin, in his individual capacity, has worked in the media industry for a long time, including before TMZ and has seen the technology changes that have occurred and can provide pertinent information about the satellite technologies, creation of entertainment and news reports, real names with contact information and how the media hides behind a huge wall of created news, gathering information by invading the privacy of Stephens and her family and by oppressing our God-given natural and Constitutional rights.

110.    Stephens seeks this order to provide documents and electronically stored information in both its original format and a reasonable readable format to prevent manipulation of files and/or to prove manipulation has occurred.

111.    Stephens is also aware that electronically stored information is saved and as easy as a copy and paste of the files requested to be placed on external media for production and this is not a burdensome or costly request.  In order for TMZ and Levin to produce documents and electronically stored information they have to already access the original file to convert a file and there would be no other extra burden to produce in both its original format as kept in TMZ and Levin's normal course of business and a reasonably ready format.

112.    Stephens' subpoeanas requests a copy of the software programs and/or hardware, although with custom software and equipment Stephens might be unable to access or read the files provided although this information is pertinent to evidence the aforementioned acts

113.    Stephens needs the copies of the computer software programs and/or equipment, even if she is unable to work, read or access the documents and electronically stored information to further prove that the software and equipment is used to hide the activities of the media, create the entertainment and news reports and violate Constitutional rights.

114.    The issues that Stephens has presented are of extreme urgency and importance whereas Stephens' is in fear of her life, is threatened throughout the day, every day and has no other means of obtaining justice.

115.    Stephens is applying to proceed inforuma pauperis and has no other means to seek justice, obtain information without the ability to perpetuate testimony and have evidence on record.

116.    Stephens has proven that there are no other source to obtain the information pursuant to FRCP 26(b)(2)(c)(i), the burden on Stephens outweighs any costs that TMZ may occur to copy and paste already stored electronic files and attend a few days of depositions pursuant to FRCP 26(b)(2)(iii), compared to the rest of Stephens' life being in jeopardy and illegal surveillance for the purpose of the creation of news.  Stephens does not have any resources to obtain

30

the information without perpetuating the testimony of TMZ and Levin, in his individual and official capacity.

117.    Stephens prays this Court will not entertain any objections by TMZ and/or Levin, in his individual and official capacity, as Stephens has already evidenced to this Court the consequences and burdens against Stephens, her Constitutional and civil liberties, God-given rights and privacy are worth more than any amount of money or time.

## VIOLATIONS OF CONSTITUTIONAL AND CIVIL RIGHTS, INTERCEPTION OF ELECTRONICALLY STORED INFORMATION AND OBSTRUCTION OF JUSTICE

119.    Stephens requests emergency orders from this Court, without hearing, due to upon Stephens attempting to seek the assistance of this Court, not only were her electronic transmissions interrupted, printer capabilities removed to avoid signature scanning for legal documents, records altered, falsified created and destroyed, interception of communications and electronically stored information and unable to access research materials and prepare litigation materials in an attempt to obstruct justice.

120. Stephens has attempted to initiate litigation only to be oppressed in the illegal jailing of Stephens by a judge using a Civil Writ of Attachment for person, Stephens, with no notice and while ignoring every motion Stephens filed in Court to defend herself, illegal psychiatric hospitalization upon finding the alteration of a computer, causing Stephens not to be able to access the computer, that had been located in a bank vault which evidenced interception of data

31

JUDGE'S COPY

(Exhibit H – FRE 1001.4 – duplicate – July 10, 2008), no opportunity to be heard and literally physical, psychologically and mentally tortured.

121.    Stephens anticipates defenses requesting mental examination of Stephens but Stephens is providing this Court with documentation of no evidence of psychiatric problems requiring in patient psychiatric treatment.

122. Stephens sold her vehicle and the majority of her belongings and moved out of the country seeking freedom and peace (Exhibit I – FRE 1001.4 – duplicate – September 3, 2011), only to have the aforementioned continue.

123.    Stephens was almost arrested at customs in Miami, Fla for a traffic ticket that was dismissed in approximately 2004 and scanned into the Ft. Worth Traffic Court on November 8, 2011, approximately a week after contacting the U.S. Embassy to come back into the United States for legal proceedings.

124. Stephens is providing a CD with video of evidence when attempting to finalize the research of the CA local rules regarding Subpoenas and Depositions, trying to fill out subpoena forms and after completing the petition that my computer would not work (Exhibit J – FRE 1001.4 - video recording duplicate on CD – December 26, 2011).  This computer is less than a few weeks old and is the 5th one I have had to obtain in the past 3 1/2 years due to destruction.  The video shows everything I was attempting to do on my computer, and my software freezing up (shows Not Responding on top left corner of program and/or pointer turns to spinning circle) multiple times preventing reading of the CA local rules

and when attempting to fill out the forms for subpoenas it would not allow me. It also show other programs unrelated to legal proceedings working just fine.

125.    Stephens added this paragraph to her completed petition on December 31, 2011 to further evidence the urgency of these requests, how attempts of the obstruction of justice are occurring on official court records and evidencing the aforementioned acts of interception of stored electronic documents, fraud, altering of computer software programs, ability to access my computer without my network being on (See icon of bars at bottom right of screen showing yellow blot on top it showing network was not connected or in use).  This means other technology, such as satellite technology, is able to access my computer at any time.

126.    Stephens also has approximately two hundred (200) CD's of the aforementioned acts just from the past month since returning back to the country and attempting to prepare for legal proceedings.  Stephens is afraid to access these files as they have in the past and could be altered, destroyed, created and/or falsified unless a computer expert is involved.

127.    The copy of the CD provided as Exhibit J is 6:11 long and does not show the exact details as described above then the video has been altered and/or destroyed.

128. Stephens is providing documentation of the California Secretary of State's *public* business records search for TMZ's actual address containing an unknown contact name, verified by TMZ's legal counsel, Beckerman (Exhibit F – FRE 1001.4 – duplicate – December 20, 2011).

JUDGE'S COPY

129. Stephens is providing evidence to this Court of not only the alteration of government records sought for justice but the specific data entered is related to Stephens' recent private life, in her home while researching the government agency, NASA, responsible for satellite technologies, on December 19, 2011 regarding constellations and the stars (Exhibit K – FRE 1001.4 – duplicate – December 19, 2011).

130. Stephens can also provide that a zip code search of the address given by the Secretary of State's website at www.usps.com (United States Postal Service website) for TMZ came up with a zip code that states it did not exist (Exhibit L – FRE 1001.4 – duplicate – December 21, 2011).

131. The address for 4000 Warner Blvd., according to TMZ's attorney, is Warner Brother's studio lot and encompasses a mass of land with a variety of businesses according to an Internet map and is a gated community. California Rules of Civil Procedure (hereinafter "CCP") 415.21. (a) Notwithstanding any other provision of law, any person shall be granted access to a gated community for a reasonable period of time for the purpose of performing lawful service of process or service of a subpoena, upon identifying to the guard the person or persons to be served, ..."

132. Stephens requests this Court issue an order specifying that Stephens, Stephens attorney's from appointment and Stephens' computer expert are allowed to enter the Warner Brother's lot, through a gated development, to enter the premises of TMZ Productions, Inc. or other property possessed or controlled by the responding party for inspection, pursuant to FRCP 34(a)(2) and FRCP

27(a)(3) on January 23, 2012 and for the receipt of production of documents, electronically stored information and tangible things pursuant to FRCP 27(a)(3) and FRCP 34. Stephens is trying to prevent being stopped at the gate and not allowed access into the Warner Brother's lot without a specific order demanding to allow entrance.

133.    Stephens can provide this Court with two (2) weeks of these of attempts to obstruct justice since initiating this petition but she fears the evidence will be destroyed if not examined by a computer forensics expert before accessing.

134. Stephens sent a Notice to Secure Materials for Impending Legal action to TMZ on December 20, 2011(Exhibit M – FRE 1001.4 – duplicate – December 20, 2011) via their "tip line" which she was directed to do when calling TMZ at 888-847-9869. Stephens contacted TMZ's legal counsel, Jason Beckerman, on December 22, 2011 and he was **not** in receipt of this Notice although in the same offices of TMZ.

135.    Stephens believes and has evidenced to this Court that anything not going directly to Levin and TMZ can be potentially intercepted and further attempts to obstruct justice will continue.

136.    Stephens request these subpoenas be issued immediately without hearing pursuant to FRCP 27(c) and to the actual address of the deponent.

**CONTINUING OBSTRUCTION OF JUSTICE, INTERCEPTION OF COMMUNICATION and ELECTRONICALLY STORED INFORMATION, VIOLATIONS OF CIVIL AND CONSTITUTIONAL RIGHTS**

35

JUDGE'S COPY

137.   Stephens has attempted to prepare and file this petition for approximately three (3) weeks with continuing interception of communications, inability to access legal research, inability to prepare legal documents, bank fraud and manipulation of public records.

138.   Stephens attempted to overnight this Emergency Ex-Parte Petition and supporting legal documents on December 29, 2010 at her local Fed Ex entity.

139.   Stephens verified the bank account balance online before leaving to verify balance (Exhibit O – FRE 1001.4 – duplicate – December 29, 2011).

140.   Stephens made copies of legal documents first and then attempted overnight package to this Court both services available at Fed Ex.

141.   Stephens had to pay for her copies separately than the overnight package whereas Stephens' debit card worked (Exhibit P – FRE 1001.4 – duplicate – December 29, 2011).

142.   When the employee at Fed Ex attempted to use my card to pay for the shipment it would not work, despite numerous tries.  Stephens has provided documentation of the filled out form required for overnight delivery by Stephens and the Fed Ex employee (Exhibit Q – FRE 1001.4 – duplicate – December 29, 2011) as well a hand-written note from the Fed Ex employee stating the card would not work for the shipment (Exhibit R – FRE 1001.4 – duplicate – December 29, 2011).

JUDGE'S COPY

143.    Stephens left Fed Ex and went to a local restaurant to get Stephens and her daughter food whereas the card worked fine again (Exhibit S – FRE 1001.4 – duplicate – December 29, 2011).

144.    This is not the first time that Stephens has had difficulties with the interception of access to her bank account.

145.    This is also a huge financial burden on Stephens as she had already printed out everything required by the court, made copies of everything, killing a tree in the process.  To protect her interests, Stephens has to inform this Court of obstruction of justice again and to follow court rules she has to update this petition with this paragraph and do it all over again.

146.    Stephens applied for CM/ECF electronic filing login on December 25, 2011 and still has not receive a response with account or login information to receive electronic notifications regarding her case.

147.    Stephens has also provided a copy of the letter addressed to the District Clerk of the Court (Exhibit T – FRE 1001.4 - duplicate – December 29, 2011) which relates to multiple financial difficulties and due to no counsel, the burden upon Stephens to prepare and file legal litigation materials.  Stephens had to request assistance from the District Clerk of the Court to ensure the rules were followed and prays this Court will recognize these requests and Stephens attempts at following all the rules as required and as well as she can due to no counsel and financial limitations.

148.    Stephens prays this Court will, once again, see that there have been many attempts to obstruct justice and stop the filing of this petition and honor Stephens' emergency ex-parte petition for orders perpetuating testimony without hearing and ex-parte motions for service of subpoenas, appoint counsel, shorten the time for Respondent to respond to subpoenas as requested and ensure service to TMZ and Levin as not to allow them to circumvent service with objections.

149.    Stephens recognizes that there is only an additional few days delay, due to weekend and holiday, in filing this petition as prepared; Stephens requests that the dates for the subpoenas to produce documents, electronically stored information and tangible things and inspection of TMZ's office and depositions remain as stated in the subpoenas and as aforementioned in this petition despite the delays and which still gives TMZ and Levin approximately three (3) weeks to prepare and counting on subpoenas being issued on January 3, 2012.

150.    Stephens requests these subpoenas be served immediately to the actual persons at their actual place of business.

151.    Stephens is requesting that this Court not entertain any requests by TMZ and/or Levin requesting any extension of times and/or any further delays in providing requests for production, inspection of land and appearance for depositions as required by law.

**APPLICATION TO PROCEED IN FORUMA PAUPERIS & ACCOMMODATIONS UNDER THE AMERICANS WITH DISABILITY ACT**

152.    Stephens has provided this Court with an application to proceed in foruma pauperis, without costs or fees. Stephens is physically disabled and has been on Social Security disability since 2001.

153.    Stephens is on a limited income and lives in the State of Texas.

154.    Stephens has provided evidence of a newly received Social Security Disability payments' increase as it will change at the new year although her attached application to proceed inforuma pauperis verified income for the year 2010, when signed.

155. Stephens' daughter receives approximately $212.00 child support on an *irregular* basis although this is not to be included as Stephens' income as it is solely for the care of daughter.

156.    Stephens will require accommodations under the Americans with Disability Act as needed and required by law.

157.    Stephens will require appointment of counsel as she is unable to determine when her disability will render her unable to attend hearings, prepare legal documents, meet deadlines or travel.

158.    Stephens will, if applicable, require telephone hearings in place of appearance as she might be unable to travel. Even with the appointment of counsel, Stephens would like to participate in every hearing.

159. Stephens cannot afford to locate and pay for process servers in the State of California. Stephens requests assistance from the court to have service of the subpoenas be made by a U.S. Marshall to TMZ and Levin pursuant to FRCP 4(c)(3). Stephens is aware that the Warner Brothers' lot, where TMZ is located, has its own police division and Stephens believes only an U.S. Marshall will be able to enter the premises with these subpoenas.

160. Stephens also requests a copy of the petition be served with the subpoenas. The court must so order if the plaintiff is authorized to proceed inforuma pauperis under 28 U.S.C. § 1915.

161. Stephens cannot afford to pay for the services required for the oral depositions of Levin and TMZ including all on the costs outlined in CA local rules L.R. 54-4.6.

162. Stephens has acquired the services of a California court reporter and videographer as required on the subpoenas and is available for the dates January 24th, 25th and 26th, 2012 .

163.    Network Deposition Services, Inc is providing a court reporter and videographer at 1875 Century Park East, Suite 2100, Los Angeles, CA 90067 and I informed their contact Manette Mays, Litigation Support Manager, at 1-310-228-6504 (direct line) and/or 1-800-788-2021 that the Court and or counsel, upon appointment from this Court, will contact them regarding costs associated with the depositions.

164.    Stephens is requesting to proceed inforuma pauperis and request for court-related costs through obtaining the services of deposition services, copies of transcripts, attorney, computer forensics expert, etc. to be paid for by the court.

165. Stephens cannot afford to be responsible for the costs of production of documents, including but not limited to, copies, costs to produce, printing, computer and professional experts, and any other costs associated with production of documents, electronically stored information and tangible things.

166.    Stephens is seeking experts to assist Stephens in analyzing electronically stored information and documents provided by Respondents in her requests for production and inspecting, testing, copy and sampling of computer-related data and any other electronic and/or satellite related data during the inspection of the premises to be paid for by the Courts or Stephens would not be able to do anything with the data produced, would not know how everything works, have the ability to obtain, store, inspect or test the data stored.

167. The burden on Stephens would cause her to receive none of her requests, complete unfairness and injustice in Stephens ability to perpetuate testimony. Stephens is requesting that this Court not entertain any requests by TMZ and/or Levin to object to a burden for the production costs as these entities are highly profitable and the burden on Stephens would be her continued loss of liberty and injustice.

168. Stephens' daughter receives approximately $212.00 child support on an *irregular* basis although this is not to be included as Stephens' income as it is solely for the care of daughter.

41

169.    Stephens income is Social Security disability which is not to be calculated as income in this Court.

## EX-PARTE MOTION TO SHORTEN TIME FOR TMZ PRODUCTIONS, INC. AND HARVEY LEVIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, TO PROVIDE DISCLOSURES

170.    Stephens is requesting the shortening of time allowed for TMZ, Productions, Inc. and Harvey Levin, in his individual and officially capacity, (hereinafter "Respondents") to provide disclosures pursuant to Federal Rules of Civil Procedure (hereinafter "FRCP") 26.

171.    Stephens' Emergency Ex-Parte Petition to Perpetuate Testimony and subpoenas requested Production of Documents, Electronically Stored Information and Tangible Things (hereinafter "Request for Production") be provided on February 3, 2012.

172.    Stephens requests that the Respondents provide disclosures on February 3, 2012 to ensure Stephens is made aware of all related discoverable information to support Stephens' claims before she is to depose the Respondents.

173.    Pursuant to FRCP disclosures are to be provided within 30 days. TMZ was served the original petition on January 6, 2012 and Levin, in his individual capacity on January 5, 2012. Stephens is only requesting disclosures be provided a few days early and in no way inconveniences the Respondents.

174.    Stephens is seeking an Order for TMZ and Levin to provide disclosures to Stephens on February 3, 2012

## OBSTRUCTION OF JUSTICE

42

JUDGE'S COPY

175.     Stephens has been in contact with TMZ and Levin's, in his official capacity, attorney Jason Beckerman ("hereinafter "Mr. Beckerman"). Stephens was given an email address and confirmation of an address where TMZ is located on the premises of a large gated lot.

176.     Stephens is having extreme difficulties in her attempts to service documents, correspond via electronic mail and conference with Mr. Beckerman.

177. Stephens noticed that in Mr. Beckerman's return email to Stephens that his email address changed from the original email address he gave. Stephens continued to correspond with Mr. Beckerman using both email addresses. Stephens then noticed when he responded again the email addresses had been altered to show the newer email address was the only one Stephens sent the email (Exhibit V - FRE 1001.4 – duplicate – January 9, 2012).

178.     Stephens cannot get a direct response from Mr. Beckerman requesting information regarding service of legal documentation and anything regarding contact information or assistance in serving subpoenas

179. Stephens is requesting a Computer Forensics Expert herein this amended petition in which she is given the ability to decide who is hired to ensure Stephens' collection and analyzing data is not intercepted, manipulated, concealed, prevented accessibility and/or data is not destroyed as she will further evidence this potential herein.

180.     Stephens sent her service of Stephens' Ex-Parte Petition to Perpetuate Testimony to both TMZ and Levin, in his official and individual capacity, in

JUDGE'S COPY

separate envelopes to the address of TMZ as confirmed by Mr. Beckerman. The package for Levin, in his individual capacity,

181.    Mr. Beckerman ignores all requests from Stephens requesting information on who signed for the documents that were shipped and if he received them. Although Stephens has sent service of the documents to his email address.

182.    Stephens proof of delivery, which requires a driver's license, address and name, of the individual recipient has a name but the address is scratched out (Exhibit - FRE 1001.4 – duplicate – January 6, 2012). Stephens contacted the United States Postal Service on January 10, 2012 and will be filing a complaint and investigation, as soon as their computers are working.

183.    Mr. Beckerman will not confirm that Levin is aware that he is named in his official capacity, as executive producer of TMZ, although Beckerman has a duty as a TMZ attorney to inform a named employee of litigation. This would also ensure that Levin, even if in his official capacity, would know through the documentation that he is also named in his individual capacity as Stephens is unable to obtain any contact information on Levin, in his individual capacity except for his employment.

184.    Mr. Beckerman ignores all requests to provide Stephens with the names of the executives, managers and/or employees who can accept service of process for the subpoenas, in which Stephens original petition seeking an Order which specifically requests Mr. Beckerman, as attorney for TMZ, be served the subpoena directly to the place of business where Mr. Beckerman's direct office is located in a gated community on a lot and to no one else.

185.    Stephens provided evidence in her original petition where the Secretary of State's business search had a contact name for TMZ in which Mr. Beckerman was unaware of who this individual was and Stephens evidenced the name was related to details of Stephens' private life and the named agent of process, CT Corporation would not verify they can accept process for TMZ.

186.    Stephens, without the assistance of counsel and this Court, has no idea who to subpoena in this case and believes that through both FRCP 45(h)(1)(A) which allows service to follow California State law and California Rules of Procedures for service of process and due to the obvious attempts to avoid service of process by TMZ that Stephens previous request for an Order to Serve Process to Mr. Beckerman and only Mr. Beckerman, through a gated community, at the actual place where Mr. Beckerman's office is located on the premises where TMZ conducts its business is justified and ensured delivery whereas it cannot be intercepted.

187.    Mr. Beckerman, as the attorney for TMZ Productions, Inc. and Harvey Levin, in his official capacity, has stated he is not authorized to accept service but will not provide Stephens with the contact information of who is authorized or any other names in which Stephens can contact for more information and California Rules of Procedure allow for the attorney of a business to be served through their attorney.

188.    Any furtherance of deliberate delays or any objections to the method of service of process should be denied by this Court.

189. Stephens is providing a corrupted print out of Exhibit U from the original petition, in its electronically stored Adobe pdf format (Exhibit W - FRE 1001.4

45

JUDGE'S COPY

– duplicate – January 3, 2012), which was submitted in paper form to this Court on January 4, 2012, verifying that anyone who receives this document either via email or public access will not be able to properly view and/or print the evidence exhibiting an obvious attempt to conceal the exhibits from publication.

190.    This exhibit evidenced the creation of a legal action which were based on the private details of Stephens and her daughter's life and located on a door proving that Stephens' private life in her home is under surveillance with the ability to see everything.

191.    Stephens is providing additional screenshots evidencing another created legal proceeding using details of Stephens' life in the title and body.

192. Stephens is providing a publication titled "Court Revives NSA Dragnet Surveillance Case" (Exhibit X - FRE 1001.4 – duplicate – December 29, 2012). Stephens was reading the United States Code regarding how opposing parties attempt to have testimonies sealed to prevent "embarrassment and liability" whereas Stephens thought why a Court would entertain that excuse if one imagined how the people harmed feel during their invasion and someone violating another should be held liable. Stephens prays this Court will not entertain any requests by the Respondents to seal their testimonies and/or production to conceal their activities from the public.

193. Stephens sent an email on December 12, 2011, mailed a Notice to Cease and Desist and Secure Materials to the National Security Administration ("NSA") on December 23, 2011(Exhibit Y - FRE 1001.4 – duplicate – December 23, 2011) and this petition is related to the illegal surveillance of Stephens and

JUDGE'S COPY

Constitutional rights violations which the whole publication pertains to all the aforementioned.

194.    This publication was dated when Stephens was preparing her original petition to perpetuate testimony and referencing surveillance technologies, Stephens had also recently contacted her Internet service provider, Sprint requesting an investigation into the interception through their network and AT&T in attempts to register her new Internet service provider.

195. Stephens is also providing a publication on TMZ published on December 26, 2011 that references the wrestler Randy Savage (Exhibit JJ - FRE 1001.4 – duplicate – December 26, 2011).  Exhibit Y has the addresses of the government offices that were sent a Notice to Secure Documentation and Notice to Cease and Desist on December 23, 2012 whereas the address for the National Security Administration ("NSA") is on Savage Road.

196.    On approximately January 5, 2012 Stephens was researching the US Code regarding the IRS and federal taxes and provided a screenshot of one portion of the document typed that day (Exhibit HH - FRE 1001.4 – duplicate – January 14, 2012).

197.    On January 6, 2012, TMZ published an article regarding Lindsay Lohan and the IRS collecting taxes (Exhibit II- FRE 1001.4 – duplicate – January 06, 2012)

198. Stephens' accessed her daughter's child support's bank account on December 23, 2011, which uses the website www.eppicard.com for account details (Exhibit Z - FRE 1001.4 – duplicate – December 23, 2011).

199.    Stephens sent a Notice to Secure Documents for Impending Legal Action and Notice to Cease and Desist (Exhibit Y) to various government agencies from approximately December 12, 2011 to December 23, 2011 in which the Department of Homeland Security (hereinafter "DHS") was a recipient.

200. Stephens was researching perpetuating testimony on December 24, 2011 and again on the first page of her search results was a legal action "EPIC vs DHS (Suspension of Body Scanner Program) (Exhibit AA - FRE 1001.4 – duplicate – December 24, 2011).

201. Stephens was researching and saved the United States Code regarding Weapons of Mass Destruction and upon printing out the page it was completed corrupted and unreadable (Exhibit BB - FRE 1001.4 – duplicate).

202. Stephens has provided several additional miscellaneous screenshots of her computer freezing up and inaccessible whenever Stephens is preparing litigation materials for this Emergency Ex-Parte Verified Petition to Perpetuate Testimony with Stephens unable to access research related to this court action (Exhibits CC - FRE 1001.4 – duplicate – December 30, 2011 through January 11, 2012) leading to literally weeks of delays in filing.

203.    The day Stephens was to mail the original petition and service the respondents, Stephens' seven (7) year-old daughter was riding her electric scooter when a vehicle stopped, a man yelled out the window and stated that "she would be dead in a couple of days"

204.    These are example of just the recent threats Stephens has encountered and the escalation, whether it be outright threats, subtle threats, being thrown in jail or threat of incarceration, interception of ability to research and use the

48

JUDGE'S COPY

computer, due process violations, continuing torture and infliction of extreme emotional distress and the entertainment and news reports created and used to threaten with destruction and related to Stephens' private life.

205.    Stephens original petition states that once she came back into the country for this legal action an old traffic ticket, which was dismissed in 2004, suddenly became an active warrant on November 8, 2011 with proof of the dismissal missing from the official court record.  Stephens now has to be in fear of being jailed in retaliation for initiating this legal action and despite efforts to remedy this situation with the Court it is still an active warrant at this time.

206. Stephens original petition and subpoenas stresses the use of **satellite technologies** and other advanced electronic technologies being involved in preventing Stephens' from enjoying her God-given natural rights and Constitutional rights for life, liberty and the pursuit of happiness, invasion of privacy, interception of electronic, wire and oral communications, the interception of stored wire and electronic communications, fraud, publishing and broadcasting of false information, obstruction of justice, mail fraud, video voyeurism, surveillance, inflicting extreme emotional distress and torture of Stephens.

207.    Stephens only became aware on January 10, 2012, despite numerous phone long distance phone calls and inaccessible on the Pacer website when searching for her name, of what her case number is.

208.    The Court obtained this ex-parte petition on January 4, 2012 but was not officially timestamped until January 6, 2012 and as of January 11, 2012 was

JUDGE'S COPY

before a magistrate judge awaiting to proceed in forum pauperis according to the Manager of District Judge Court of Operations.

209. These appear to be delays in which Stephens cannot understand in filing for emergency ex-parte relief from this Court as well Stephens petition and motions are dated as to allow sufficient notification of depositions, requests for productions and shortening of time for related rules.

210. Stephens is unable to properly file these motions contained herein and adhere to the Judge's rules as she does not know when her case will be submitted to a Judge to be heard.

211. Stephens prays if there are any deficiencies to these motions, in the Judge who is assigned rules, that she is given an opportunity to amend.

212. Stephens has detailed the obstruction of justice which has occurred and continues to **occur daily** in attempts to delay Stephens' seeking testimony of those who can provide information and evidence of Stephens' allegations whereas she can seek the appropriate legal recourse based on this provided testimony.

213. Stephens is providing an abundance of evidence in her petition showing the continuing of obstruction of justice, avoidance of service attempts, lack of Respondents' communications and the ever-expanding involvement of numerous networks involved in this legal action.

214. Stephens' reality and this Court's regulations is to ensure that all potential for destruction, disappearance, manipulation and/or creation of court-related materials, including but not limited to court records and the electronically stored

information that is produced by Respondents, be protected in every way legally possible.

215.    Stephens following requests for Orders are based on this protection and to prevent further delay.

## EX-PARTE MOTION TO ALLOW ADDITIONAL PERSON TO ADMINISTER OATH AND METHODS OF RECORDINGS

216.    I am requesting an additional secondary methods of recording the testimony and a person, in which Stephens may choose, to administer the oath during TMZ and Levin, in his individual and official capacity, pursuant to FRCP 28(a)(1)(B).

217.    I am seeking an Order from this Court allowing for Stephens to obtain the services of a qualified person to take the oath of the deponent and the services of additional methods of recordings to include stenographic and videotaping with audio.

218.    This is in addition to the entity as named in the original subpoenas. This is to ensure that the original Officer provided by the deposition services cannot be disqualified in the future and an additional method of recording is taken so that no manipulation and/or destruction of the testimony takes place. Stephens has given notice to TMZ pursuant to 30(b)(3)(B) that she will be requesting an additional methods from this Court.

219.    Stephen, without counsel, has only the Internet to assist her in finding businesses in California that conduct depositions and recordings. Stephens has evidenced that her Internet research is manipulated and limited by third parties.

JUDGE'S COPY

220. Stephens' subpoenas for oral depositions uses the services of Network Deposition Services. Stephens has provided a print out of their website information (Exhibit DD - FRE 1001.4 – duplicate – December 28, 2011).

221. Upon communicating with the business, Stephens was made aware through email that they would be taking this deposition at a "new" address (Exhibit EE - FRE 1001.4 – duplicate – December 28, 2011)and not the address given on their website.

222. Stephens believes this new address is not the place normally used in their normal course of business and strictly directed by other third parties where Stephens remains in a controlled environment which leads to the potential of controlling the procedures, depositions, who delivers the oaths and records of the testimonies. Stephens was also given a 1-800 number to use for calling which was not located on their website.

223. Stephens is seeking additional deponent services who are not employed by either the government or a large business but a person who is authorized to take oath along with the original officer provided by Network Service so that disqualification cannot be entertained by a Court if testimony relates to criminal charges and for future civil proceedings.

224. Once Stephens is in California, Stephens can locate a secondary service of a person to take the oath and provide recording methods who will be fair and not impartial to Stephens. Stephens will provide notice to the Respondent pursuant to FRCP 30(b)(3)(B) once obtaining.

225.    Stephens needs an Order to allow these secondary measures and ensure costs will be covered by the Court and the Court is doing everything in its power to ensure due process, fairness and preventing furtherance of obstructing justice.

**EX-PARTE MOTION FOR ORDER TO PROVIDE TERESA STEPHENS WITH COPY OF DEPOSITION RECORDING**

**EX-PARTE MOTION FOR ORDER TO SHORTEN TIME DEPONENT IS TO VERIFY RECORD OF DEPOSITION**

226.    Stephens believes that due to the potential of court records being altered, created, manipulated and/or destroyed she seeks an Order to provide Stephens her own copy of the deposition and recognize her as the person requesting the deposition pursuant to FRCP 30(f)(1) and the original sealed documents be personally picked up by Stephens at the place where the transcription occurs to prevent continuing complications in delivery.

227.    Stephens is seeking an Order for the transcript of the deposition be provided before and after completion of the deponents' review.

228.    Stephens is requesting the shortening of time for the deponent to review the transcription upon notice of its completion pursuant to FRCP 30(e)(1) and to occur within ten (10) days after notice to prevent further delays in Stephens obtaining the official testimony.  Stephens will be requesting a witness review.

**EX-PARTE MOTION TO SECURE COURT RECORDS**

229.    Stephens believes there is the potential for the court records of the court-related litigation materials and court events will be destroyed to prevent further use in legal action.

JUDGE'S COPY

230.    Stephens requests that every event that occurs in this proceeding be recorded and evidence of the events be provided to Stephens as it occurs.

231.    Stephens is seeking an Order for Stephens' to be provided of the official record pursuant to FRCP 44(1)(B)(ii) or FRCP 44(1)(B)(i) specific to a copy attested and the certificate by the Judge or a public officer with a seal of office where the record is kept . Stephens is requesting this Order for every entry into this court record.

232.    Stephens is seeking an Order in which this Court pursuant to FRCP 44(c) will further secure the official records of court-related events and provide Stephens with proof of these official records as soon as they occur.  FRCP 44(c) states "a party may prove an official record-or an entry of...by any other method authorized by law."  Stephens is unaware of what other methods are authorized but is requesting this to ensure secondary precautions are Ordered to prevent furtherance of obstructing justice.

233.  Stephens is providing a screenshot of the Tarrant County Civil Court website when Stephens attempted to seek redress against Bank of America whose bank vault had been accessed where Stephens' safety deposit box was located and contained Stephens' computer which evidenced interception of wired electronic communications and Stephens' court records are not available to the public and missing from public court dockets (Exhibit FF - FRE 1001.4 – duplicate – December 6, 2011).

234.    The reality of the evidence Stephens has provided is the creation of Federal Appeals Court and the Supreme Court of the United States court

54

proceedings which are directly related to details of Stephens' private life in her home.

## EX-PARTE MOTION FOR STEPHENS TO OBTAIN AND HIRED THE SERVICES OF A COMPUTER EXPERT FOR INSPECTION OF PROPERTY, ANALYZE AND REPORT OF PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS

235.    Stephens is seeking an Order to allow Stephens to obtain the services of a computer expert with sufficient experiences to testify, analyze the materials provided for Stephens' requests for production and during inspection of premises, which are computer-related.

236.    Stephens is anticipating proceeding inforuma pauperis and cannot afford to obtain the services of a computer expert.

237.    Stephens has outlined, in abundance. the ability to manipulate, alter, create and destroy electronically stored information.  Stephens is not knowledgeable in media affairs related to their computer-based business activities where there is the potential for custom created software, hardware, networks, satellites and other electronic technologies which are computer-related.

238.    Stephens would not be able to access, inspect, sample and/or test TMZ's computer-based operations during inspection of premises without an expert with experience in these technologies.

239.    Stephens would not be able to analyze the production provided in her requests for production due to lack of knowledge in computer code, custom software, custom programmed operating systems, data collection, how to

JUDGE'S COPY

operate and access the data without the assistance of a computer expert with satellite and electronic technologies experience.

240.    Stephens' requests for production outline everything that is related to computer-based electronically stored information and all the types of data that is requested and needs an expert with experience to handle all aspects of the electronically stored information and any other documents or data produced and during inspection as the subpoenas read.

241.    Stephens has requested to receive electronically stored information and any other data in its original and a readable format to ensure there is no manipulation or destruction of the data and to allow the computer forensics expert during inspection of premises to ensure both the original and a readable format of are produced, test, inspect, sample and copy during the inspection of premises and to analyze electronically stored information provided in the requests for production.

242.    Stephens is seeking an Order to allow Stephens to obtain a computer forensic expert, with satellite experience and the ability and experience to testify to obtain, analyze on production with Stephens and assist to inspect, test, sample during the inspection of premises and work with Stephens on how the computer-related operations of TMZ are conducted.  Stephens seeks that any costs associated with the computer forensics expert to be paid by the Court.

243.    Stephens is pleading with this Court to ensure every possible safeguard is taken to prevent any furtherance of these deliberate attempts to obstruct justice, provide for secondary safeguards in these depositions and bring in persons in

which the government does not control of and/or have a financial interest in their employment or ability to administer oaths.

244.    Stephens spent $300 for the original petition and service and now is forced due to no fault of her own to spend an additional $300 to amend the petition, seek additional ex-parte motions and change dates with new subpoenas.

245.    The Respondents refusal to communicate when asked questions pertinent to litigation, respond to any requests for information, acknowledge service of documents and provide appropriate contact information regarding Stephens' Emergency Ex-Parte Petition and additional motions is deliberate delay and avoidance of service of process.

246.    Stephens sent a Notice to Secure Documents approximately two (2) weeks before this action was commenced whereas Respondents should already have the documents prepared and this Court should not entertain any requests by the Respondents that there are time restraints causing burdens.

247.    Stephens has obviously encountered extreme financial burdens due to delays and cannot continue without these Orders granted to Stephens immediately, especially the allowance of Stephens to obtain California counsel as she lives out of the state.

248.    Stephens prays this Court will immediately grant Stephens' requests to obtain testimony and secure court documentation.

**EMERGENCY EX-PARTE MOTION TO FILE ELECTRONICALLY THROUGH ECF**

249.    Stephens applied to proceed inforuma pauperis due to limited income from Social Security Disability benefits.

250.    Stephens incurred an expense of approximately $300 to file just the original petition due to the electronic filing system of California will not let pro se litigants file electronically.

251.    Stephens incurred additional hundreds of dollars in expenses to amend this due to obstruction of justice and the delay of an emergency ex-parte petition to perpetuate testimony delayed being timestamped and sitting in front of a magistrate judge for a week awaiting inforuma pauperis approval.  These delays caused all the dates Stephens specified in her original complaint to have the potential for objections or motions to quash the subpoenas due to time constraints.

252.    Stephens cannot afford to continue mailing this ever-expanding legal action and incur more expenses with paper, ink, overnight mail, service to Respondents and extra copies to the Court.

253.    Stephens will not be able to continue abiding by the rules, for pro se litigants, if she is not allowed to file electronically and will lead to unfairness and injustice in this Court.

254.    Stephens had to request assistance from the District Clerk asking for assistance in following the rules as Stephens does not have the ability or finances to continue these paper copies and postal mail rules.

255.    Stephens has evidenced it doesn't matter if she does follow the rules there are delays within this Court as well with the postal service obstruction furthering

JUDGE'S COPY

Stephens need to evidence Stephens has electronically filed and served documents.

256.     Stephens attempted to file this through the emergency filing procedure on this Court's website but was told the only option for "pro se" litigants was through the mail which again Stephens is forced to make approximately nine (9) copies of the amended petition to the Court (has to include copies attached to subpoenas) and three (3) copies to service Respondents at almost two hundred (200) pages each, plus all miscellaneous papers and then the costs of mailing, including tracking, required signature costs, large weight costs and priority.

257.     Stephens has to follow all the procedural and local rules just as an attorney but is not afforded the same rights as an attorney when it comes to convenience, saving time and money through electronic filing.

258.     Stephens is requesting an Order to allow her to file electronically in this legal action and ensure a login and password is provided to her for both electronic notification of activity in the case and have the ability to electronically file in which she will turn into the website for this Court's ECF system.

## MISCELLANOUS REQUEST TO OBTAIN CONTACT INFORMATION FOR HARVEY LEVIN

259.     Stephens is requesting this Court contact TMZ Productions either through TMZ's attorney Jason Beckerman at 818-972-0977 and/or requesting Levin himself by calling TMZ Live at 1-855-863-5483 and obtain contact information, including but not limited to home address, phone number and email for Harvey Levin, in his individual and official capacity, to ensure there are no furtherance

of deliberate delays in obtaining his testimonies, conference communications and service of documents.

260.    Stephens has attempted to obtain contact information for Mr. Levin, in his individual and official capacity, through both of the provided numbers, through a Notice to Secure Documents, through TMZ's online submit form, requesting the information from Mr. Beckerman and through service of the original petition at his employment address and Stephens receives no response on who signed for the package or whether he received it. Stephens has requested information on whether Levin, in his official capacity, had been made aware of the litigation and received no response.

261.    At this time Stephens is only aware that Levin is employed at TMZ, should be able to contact him at his employment and works from approximately 7:30 AM PT to at least 4:00 PM PT at their location and according to TMZ's website where Levin participates in taping of a broadcast for network broadcast on television and taping of TMZ Live Internet broadcast.

262.    Stephens requests this Court contact Stephens at the contact information below and provide the information upon receipt.

## MOTION TO APPOINT CALIFORNIA COUNSEL

276.    Stephens does not have the finances to travel frequently and unable to attend court hearings on a regular basis. Stephens is not legally educated in all the United States Constitution, Federal and Civil law and cannot afford to not have fairness in these court proceedings.

277.     Stephens is physically disabled and due to this disability Stephens can not anticipate when she might not be unable to meet deadlines, prepare legal materials and/or travel.  Stephens has provided medical documentation which limits her ability to both travel and work which was provided by her doctor for a Court (Exhibit N – FRE 1001.4 – duplicate - 2010).

278.     Without counsel, located in California, Stephens will not be able to effectively analyze the documentation and data collected, may not be able to attend hearings, properly execute legal materials, prepare for appropriately and obtain the services required for oral depositions, including videotaping and render the services of third parties.

279.     Stephens has been delayed, and with extra costs which causes burden to Stephens, due to having to comply with the FRCP and have the subpoenas sealed and signed by this California Clerk of Court, had to overnight them and include a return overnight envelope to receive the originals of the signed and sealed subpoenas.

280.     If Stephens had local California counsel this would have taken approximately 1 hour versus it took burdensome extra mailing costs and time delays.

281.     Stephens has included the unsigned and unsealed copies to this Court, although Stephens has requested from the District Clerk of the Court to sign and seal the subpoenas and submit copies of them to this Court immediately and included with this petition.

282.    This delay is complete unfairness already occurring with attempting to obtain knowledge and initiate legal action to perpetuate testimony.

283.    Stephens has provided proof to this Court of the ability of others to manipulate government records, which would include this Court's computer database of available attorneys.  Stephens cannot afford to have an attorney which might not be in her interest and requests this Court allow Stephens to pick her counsel on her own free will and costs incurred be allocated by this Court as if appointed by a computer-based system.

284.    Stephens could not find any law which related to civil appointment of counsel therefore it does not prevent this Court from allowing for the costs of counsel to be paid for by the Court, although this Court does have the Constitutional duty to ensure fairness, due process, justice, liberty and afford Stephens the right to seek redress.

## PRAYER FOR RELIEF

Wherefore, Stephens prays for relief as follows:

1. Order to proceed inforuma pauperis.

2. Waiver notice to Levin, in his individual capacity, of ex-parte petition pursuant CAD L.R. 7-19.2

3. Order authorizing Stephens to orally depose TMZ and Levin, in his individual and official capacity, in order to perpetuate testimony *without* hearing pursuant

to FRCP 27 and 27(c) and CA local rules 7-19 relating to Stephens' emergency ex-parte petition.

4. Order and Service of subpoenas to TMZ and Levin, in his individual and official capacity, pursuant to 28 U.S.C. § 1915 by U.S. Marshall with a copy of original and amended petition and its attached motions pursuant to FRCP 4(a)(2)(c)(1) and 4(c)(3) and a copy of the signed Orders as Stephens anticipates proceeding inforuma pauperis.

5. Order for Service of subpoenas to Levin, in his individual and official capacity, at Levin's actual place of business employment within 4000 Warner Blvd, Burbank, CA 91522 pursuant to FRCP 4(e)(2)(a) and to ensure service through gated community pursuant to California Rules of Civil Procedure 415.21 and serve Levin directly at TMZ's actual place of business. If Levin is unavailable at place of business than service is to continue attempts until Levin is served.

6. Order for Service of subpoenas to TMZ Productions, Inc. to their attorney, Jason Beckerman, at actual place of business within 4000 Warner Blvd., Burbank, CA 91522 pursuant to FRCP (4)(e)(2)(b), 4(e)(1) whereas California Rules of Civil Procedure allow an attorney to accept and be served processes for a business and to ensure service through gated community pursuant California Rules of Civil Procedure 415.21 and serve Beckerman directly at his office at TMZ's actual place of business pursuant to FRCP 45(b)(2). If Beckerman is unavailable than service is continue attempts until Beckerman is served.

7. Stephens has stipulated in the Orders for service to TMZ Productions and Harvey Levin, in his individual and official capacity, that if upon arrival at the

JUDGE'S COPY

gate located at 4000 Warner Brother Blvd., Los Angeles, CA 91522 the U.S. Marshall are informed that the actual place of business of TMZ Productions, Inc. and/or where Harvey Levin and Jason Beckerman is physically located is located for entrance at a neighboring street then service is to be delivered to this physical location but only to the individuals named.

8. Order authorizing Stephens to perpetuate testimony without hearing of TMZ and Levin, in his official capacity, for production of documents, electronically stored information, tangible things pursuant to FRCP 27(a)(3) and FRCP 34 and inspection, photographing, testing and sampling of all the computer software, computer hardware, satellite and any other electronic software and hardware used in the transmissions, communications, documents, presentations, publications, testing, sampling, inspecting the computer systems to verify production of documents, electronically stored information and tangible things pursuant to FRCP 34(a)(2) and FRCP 27(a)(3).

9. Order for Stephens, Stephens' attorney's and Stephens' computer expert to enter the Warner Brother's lot, through a gated development, to enter the premises of TMZ Productions, Inc. and any other property possessed or controlled by TMZ for inspection, pursuant to FRCP 34(a)(2) and FRCP 27(a)(3) for receipt of production of documents, electronically stored information and tangible things pursuant to FRCP 27(a)(3) and FRCP 34 on January 23, 2012 and until inspection completed.

10. Order authorizing Stephens to perpetuate testimony from Levin, in his individual capacity, for production of documents, electronically stored information and tangible things pursuant to FRCP 27(a)(3) and FRCP 34(a)(2).

JUDGE'S COPY

20. Order to allow Stephens to file electronically and be provided a login and password for both electronic notification of activity in the case and have the ability to electronically file in which she will turn in the Order to the website for this Court's ECF system.

Stephens cannot bring action without seeking the correct information, obtaining contact information for persons involved in the operations of media-related business affairs, obtaining knowledge of how the media conducts its business affairs, how satellite and electronic technologies are used in the media, who is involved in the operations of media-related business affairs and fears for the safety of her life and family, continuing extreme emotional and physical distress and the continuing *violations of her natural and God-given, Constitutional and civil rights* if the information is not ***brought to light immediately with no further delay***. Stephens' evidence is literally being destroyed and intercepted every day, prevented from seeking redress, violations of due process and privacy invaded through satellite and other technologies; any further delay is allowing for the obstruction of justice.

Dated: January 12, 2012                                     Respectfully submitted,

                                                            Teresa Stephens
                                                            5021 Maryanna Way
                                                            North Richland Hills, TX 76180
                                                            pocketofsun@rocketmail.com
                                                            817-709-7773
                                                            ***Blessed are they who maintain justice, who constantly do what is right (Psalm 106:3)***

67

JUDGE'S COPY

## CERTIFICATE OF SERVICE

I, Teresa Stephens, do hereby certify that on the 17th of January 2012, a true and correct copy of the foregoing Amended Emergency Ex-Parte Verified Petition to Perpetuate Testimony and included emergency ex-parte motions, was forwarded to the following party as listed below.

I spoke to the legal counsel for TMZ Productions, Inc. for address verification and directed the mailing to his attention.  Stephens is unaware Harvey Levin's home address and sent a copy to his business employment.

*Via Electronic Mail requesting confirmation upon receipt*
TMZ Productions, Inc.
ATTN: Jason Beckerman
4000 Warner Blvd.
Burbank, CA 91522
jason.beckerman@tmz.com
Jason.Beckerman@.telepixtv.com


*Via Signature Required USPS Mail*
Harvey Levin
C/O TMZ Productions
4000 Warner Blvd.
Burbank, CA 91522
Signature Required

Dated: January 17, 2012

Teresa Stephens
Pro se
5021 Maryanna Way
N. Richland Hills, TX 76180
817-709-7773
pocketofsun@rocketmail.com
*For I, the Lord, love Justice (Isaiah 8)*

71